UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-561-MOC-SCR

| PIERRE HAILEY, pro se, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's motion for summary judgment. (Doc. No. 10). For the following reasons, the Court will **GRANT** Defendant's motion and dismiss this matter with prejudice.

I. **Background**

Plaintiff initiated this action in North Carolina state court in July 2023. Plaintiff's complaint stated claims against Defendant Wells Fargo for violations of the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C.§ 6801 et seq., breach of contract, and fraudulent inducement. (Doc. No. 1, Ex. A). Defendant timely removed to this Court. (Doc. No. 1).

Plaintiff alleges that Defendant unlawfully reported private financial information regarding one of his accounts to third-party consumer reporting agencies ("CRAs") without obtaining Plaintiff's consent. Plaintiff further avers that Defendant "fraudulently induced" Plaintiff to sign an agreement related to the account. Plaintiff appears to conflate his breach of contract and fraudulent inducement claims. (Doc. No. 1, Ex. A) ("This is an action for affirmative relief for BREACH OF CONTRACT by FRAUDULENT INDUCEMENT")

(capitalization in original).

Defendant Wells Fargo moved for summary judgment in February 2024. The next day, this Court entered a Roseboro order on its own motion, informing pro se Plaintiff of his right to respond to Defendant and that Plaintiff's failure to respond "may result in Defendant being granted the relief Defendant seeks—that is, the dismissal of the claims against them." (Doc. No. 12). The Court's Roseboro order gave Plaintiff fourteen days to respond to Defendant's summary judgment motion. (Id.). More than twenty-one days later, Plaintiff has yet to respond to Defendant's summary judgment motion. This matter is thus ripe for disposition.

II. **Applicable Standard**

Summary judgment is appropriate where the movant shows (1) the absence of any genuine dispute of material fact and (2) that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it could affect the outcome of the dispute under applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact subject to genuine dispute if a reasonable jury could find in favor of either party. Id. Ruling on a motion for summary judgment, the Court construes all facts and inferences therefrom in the light most favorable to the non-movant. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The movant—here, Defendant—bears the burden to dispel any genuine disputes of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant makes this threshold showing, the burden shifts, and the non-movant must adduce specific, material facts that give rise to a genuine dispute. Id. at 324; Anderson, 477 U.S. at 248. Naked allegations and

conclusory denials are insufficient for a nonmovant to survive summary judgment. Anderson, 477 U.S. at 252.

### III. Discussion

This is a case "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, 475 U.S. at 587. Plaintiff's claims relate to an account numbered 4447962629535497. But Defendant's summary judgment pleadings show that this is not a Wells Fargo account. (Doc. No. 11, Ex. A). Defendant Wells Fargo searched its records for an account bearing number 4447962629535497 and found that Wells Fargo does not service an account with that number. (Id. ¶ 5). When Wells Fargo conducted a third-party search, it concluded that the account bearing number 4447962629535497 belongs to Credit One Bank, N.A., not Wells Fargo. (Id. ¶ 6).

Defendant thus satisfies their summary judgment burden by showing that there is no genuine dispute of material fact as to Defendant's association with the account on which Plaintiff's claims are based. If Defendant is not associated with the Account, then Defendant cannot be liable to Plaintiff for breach of contract, fraudulent inducement, or under the GLBA, and Defendant is therefore entitled to judgment as a matter of law.

Defendant having dispelled any genuine dispute of material fact regarding their association with the Account, the burden shifts to Plaintiff to adduce specific, material facts that give rise to a genuine dispute. Plaintiff, who did not respond to Defendant's summary judgment motion, fails to do so. Because there is no genuine dispute as to the material fact that Defendant was not associated with Plaintiff's account, and because Defendant's lack of association with Plaintiff's account entitles Defendant to judgment against Plaintiff's claims as a matter of law, Defendant's summary judgment motion will be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's motion for summary judgment (Doc. No. 10) is **GRANTED**. This matter is **DISMISSED** with prejudice.

Signed: April 26, 2024

Max O. Cogburn Jr
United States District Judge